UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Sanderson Farms, Inc.,**

    **Plaintiff-Appellant,**

-V-                                                                                                 **Case No. 2:07-CV-00857**
                                                                                                  **JUDGE SMITH**

**Vincent J. Gasbarro,**

    **Defendant-Appellee.**

## OPINION AND ORDER

Plaintiff-Appellant Sanderson Farms, Inc. ("Sanderson Farms"), the creditor in the underlying bankruptcy case, moves for leave to appeal an interlocutory order by the United States Bankruptcy Court for the Southern District of Ohio ("Bankruptcy Court") pursuant to 28 U.S.C. § 158(a)(3) and Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure. (Doc. 1, Ex. 6).  Specifically, Sanderson Farms seeks leave to appeal the Bankruptcy Court's order entered August 6, 2007, which denied Sanderson Farms' Motion for Summary Judgment.  Defendant-Appellee, Vincent J. Gasbarro ("Gasbarro"), the debtor in the underlying action, has filed a motion to strike Sanderson Farms' appeal. (Doc. 4). For the reasons that follow, Sanderson Farms' Motion for Leave to File Interlocutory Appeal (Doc. 1, Ex. 6) is **DENIED**, and Gasbarro's Motion to Strike Appeal (Doc. 4) is **DENIED** as Moot.

# I.  BACKGROUND

Sanderson Farms is a poultry processor and supplier.  Sanderson Farms sold poultry products to Midwest Farms, Inc. ("Midwest").  Midwest was an entity engaged in processing and wholesaling poultry products and was controlled by Gasbarro and family members.

In 1997, Sanderson Farms sued Gasbarro and others in the court of Common Pleas of Franklin County, Ohio, in an action entitled *Sanderson Farms, Inc. v. Rocky Gasbarro, et al.*, Case No. 97CVH-01-75 ("State Court Action").  In this State Court Action, Sanderson Farms sought to pierce the corporate veil and hold Gasbarro and other family members personally liable for unpaid debts.  The Court of Common Pleas found in favor of Sanderson Farms, and on April 27, 2001, a Judgment Entry was entered awarding Plaintiff compensatory damages, punitive damages, legal fees, and interest.  Gasbarro and other family members appealed.

On March 25, 2004, the Ohio Court of Appeals for the Tenth Appellate District affirmed the compensatory damages award, but reversed and remanded with reference to the punitive damages and associated legal fees.  The Appellate Decision was premised on the lack of supporting findings of fact.  On June 22, 2004, the Ohio Common Pleas Court entered an additional Judgment Entry, which included ten paragraphs stating the findings of the court, and again awarded Sanderson Farms punitive damages and legal fees.

In 2005, Gasbarro filed a Chapter 7 bankruptcy petition.  On August 17, 2005, Sanderson Farms commenced an adversary proceeding against Gasbarro to determine the dischargeability of the judgment in the State Court Action, pursuant to Bankruptcy Code Sections 523(a)(2)(A) and (6).  Thereafter, on March 7, 2007, Sanderson Farms filed a motion for summary judgment, arguing that it was entitled to summary judgment because Gasbarro is precluded by the doctrine

of collateral estoppel from relitigation of issues of fact or law determined by the Common Pleas Court. (Adversary Proceeding Doc. 25). On August 6, 2007, the Bankruptcy Court denied this motion, ruling that issue preclusion was not applicable. (Adversary Proceeding Doc. 32).

On August 16, 2007, Sanderson Farms filed a Motion for Leave to Appeal (Adversary Proceeding Doc. 35) that is before this Court as an exhibit in the Appeal filed by Sanderson Farms on August 27, 2007 (Doc. 1, Ex. 6). Gasbarro has filed his Objection to Sanderson Farms' Motion for Leave to Appeal (Doc. 7; Adversary Proceeding Doc. 39). In addition, Gasbarro has filed a Motion to Strike Appeal (Doc. 4), and Sanderson Farms has filed its Response (Doc. 6). These motions are fully briefed and are now ripe for this Court's review.

## II. DISCUSSION

Under Federal Rule of Bankruptcy Procedure 8001(a), appeals from judgments and orders of bankruptcy courts may be taken to a district court in conformity with the requirements of 28 U.S.C. § 158(a) and Bankruptcy Rule 8002. Appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1); *see* Fed. R. Bankr.P. 8001(a). Interlocutory orders and decrees, however, ordinarily may be appealed only "with leave of the court." *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr.P. 8001(b). "[I]nterlocutory appeals are very rarely permitted and generally only in extraordinary circumstances." *Bricker v. Official Committee of Administrative Claimants*, 2007 WL 963290, at *4 (N.D. Ohio 2007) (citations omitted). Further, "[D]oubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." *U.S. v. Stone* 53 F.3d 141, *143 -144 (6th Cir. 1995) (*quoting In re Westwood,* 971 F.2d 387, 390 (9th Cir. 1992).

Section 158(c)(2) instructs that appeals to the district court "shall be taken in the same

manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." A party seeking to appeal an interlocutory order must file a notice of appeal and a motion seeking leave to appeal from the district court. Fed. R. Bankr.P. 8001, 8003.

Because Section 158(a)(3) contains no standards to guide district courts in determining whether to grant leave to appeal, district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b) for certification of interlocutory appeals from district courts to courts of appeal. *See. e.g., Bricker*, 2007 WL 963290, at *4. The statute specifies factors to determine when interlocutory appeals are appropriate and states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).

Accordingly, a party seeking an interlocutory appeal must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir.1993) (*citing Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir.1974)). Thus, the Court may grant leave only if Sanderson Farms shows that the four factors set forth above are satisfied.

The Court concludes that Sanderson Farms' Motion for Leave must be denied because

the first factor—which requires the question involved to be one of law—is not met. Interlocutory appeals are intended "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *In re Pilch,* 2007 WL 1686308, at *4 (W.D. Mich. 2007) (*quoting McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). "An appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch,* 2007 WL 1686308, at *4 (*citing* Marshall v. City of Portland*,* 2004 WL 1774532, at *2) (D. Or. 2004)).

In the instant case, Sanderson Farms appeals the Bankruptcy Court's determination that issue preclusion was not applicable. This is not a pure issue of law, but instead would require this Court to apply the law to the facts, including but not limited to, examination of the actual nature of Sanderson Farms' claims in the state court action.

It is unnecessary for the Court to review the remaining three factors. Because Sanderson Farms' cannot demonstrate that the first required factor is met, this Court **DENIES** Sanderson Farms' Motion for Leave to File Interlocutory Appeal (Doc. 1, Ex. 6).

The Court's denial of Sanderson Farms' Motion for Leave to File Interlocutory Appeal renders Gasbarro's Motion to Strike Appeal moot. Gasbarro's Motion to Strike Appeal (Doc. 4) is therefore **DENIED** as moot.

### III.  CONCLUSION

Sanderson Farms' Motion for Leave to File Interlocutory Appeal (Doc. 1, Ex. 6) is **DENIED**, and Gasbarro's Motion to Strike Appeal (Doc. 4) is **DENIED** as Moot.

The Clerk shall remove this case from this Court's pending cases list.

The Clerk shall remove Documents 1 and 4 from this Court's pending motions list.

    **IT IS SO ORDERED.**


     **/s/ George C. Smith**
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**